Filed 1/26/21  P. v. Sanchez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G058894 |
| v. | (Super. Ct. No. 00SF0657) |
| LEONARDO PIMENTEL SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*          *          *

INTRODUCTION

This is defendant Leonardo Pimentel Sanchez's second appeal following his conviction for first degree murder. In his first appeal, we affirmed the judgment of conviction but remanded for the trial court to hold a resentencing hearing with the limited purpose of exercising its discretion whether to strike Sanchez's two prior serious felony sentencing enhancements under Penal Code section 667, subdivision (a). (All further statutory references are to the Penal Code.) At the resentencing hearing, the trial court declined to strike the enhancements.

Appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel identified a potential issue to assist us in our independent review. We provided Sanchez 30 days to file written argument on his own behalf; he has submitted several pieces of handwritten correspondence, none of which identifies any appealable issue or related argument.

We have independently examined the entire record, appointed appellate counsel's *Wende/Anders* brief, and Sanchez's correspondence; we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

FACTS

We provided a detailed summary of the underlying facts in our opinion from Sanchez's first appeal, *People v. Sanchez* (July 10, 2019, G055222) [nonpub. opn.] (*Sanchez I*). In short, the prosecution presented evidence that in 1992, the partially-clothed body of then 19-year-old Cari Anne Parnes was found in an orange tree orchard. Parnes appeared to have suffered blunt force trauma to the upper left temple area of her head and had bruising and discoloration on her neck and left shoulder area. Heavy rains that occurred around the time Parnes's body was discovered hindered the collection of evidence.

2

One year later, intact sperm was observed on vaginal swabs that had been collected from Parnes's body. Further testing of the sample identified a single source DNA profile for the detected sperm which matched the standard DNA profile detected in a sample taken from Sanchez. The DNA profile obtained from the vaginal swab sample would be expected to be found in fewer than one in one trillion unrelated individuals.

Eight years before Parnes's murder, Sanchez pleaded guilty to committing one count of rape and one count of penetration by a foreign object against Irene T. Sanchez was sentenced to an eight-year prison term. He was released from prison in 1989.

Irene T. testified in the instant case that in 1984, Sanchez had driven her to the same orange grove where Parnes's body was found in 1992, parked the car, and became violent. He hit Irene T. in the face and raped her. When she tried to escape, Sanchez put his arm around her neck, raped her again, and repeatedly hit her in the face. After a helicopter appeared hovering overhead, Irene yelled and was eventually able to run away from Sanchez to a nearby house and get help.

BACKGROUND

In this case, a jury found Sanchez guilty of first degree murder. The trial court found true sentencing enhancement allegations that Sanchez had suffered two prior serious felony convictions. The trial court imposed a sentence of 25 years to life in prison plus a determinate term of 10 years.

In *Sanchez I, supra,* G055222, we rejected Sanchez's arguments that the trial court made prejudicially erroneous evidentiary rulings and that insufficient evidence supported his conviction. During the pendency of that appeal, Senate Bill No. 1393 (Stats. 2018, ch. 1013) (S.B. 1393) became effective, thereby amending sections 667, subdivision (a) and 1385, subdivision (b) to vest in the trial court discretion to strike the five-year prior serious felony conviction enhancement under section 667, subdivision (a)(1). This statutory change applied to Sanchez because it occurred while his case was

3

not yet final. We therefore affirmed the judgment of conviction but remanded with directions for the trial court to hold a resentencing hearing with the limited purpose of exercising its discretion whether to strike Sanchez's prior serious felony convictions.

At the resentencing hearing following remand at which Sanchez was present and represented by counsel, Sanchez's counsel asked the court to exercise its discretion to strike his prior serious felony convictions given Sanchez's "age and disability as related to his hearing and eyesight." The prosecutor submitted on the court's prior sentencing decision.

The trial court declined to strike Sanchez's prior serious felony convictions, noting "the nature of this offense, the facts and circumstances of the defendant's prior, [and] the underlying aggravating and mitigating factors as stated at the [original] sentencing." Sanchez appealed.

ANALYSIS

In the *Wende/Anders* brief filed in the instant appeal, appellate counsel suggests we consider whether the trial court abused its discretion in declining to strike the two prior serious felony convictions under section 667, subdivision (a), as amended by S.B. 1393. Sanchez filed four pieces of handwritten correspondence, none of which identifies any appealable issue or related argument.

"We review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for an abuse of discretion." (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587.) The court reaffirmed the imposition of the section 667, subdivision (a) prior serious felony conviction sentencing enhancements, referencing the same reasons it noted at Sanchez's prior sentencing hearing. A resentencing court may consider the same factors it considered when issuing the original sentence. (*People v. Pearson* (2019) 38 Cal.App.5th 112, 117.) Nothing in the record suggests the trial court abused its discretion in declining to strike the two prior serious felony convictions.

4

We have reviewed the record in accordance with *Wende* and *Anders*, and we find no arguable issues on appeal.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

DISPOSITION

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.